UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIK R. MARSH, § | |
|     *Plaintiff*, § | |
| § | |
| vs. § | CIVIL ACTION H-05-3686 |
| § | |
| GALVESTON COUNTY, *et al.*, § | |
|     *Defendants*. § | |

## MEMORANDUM AND ORDER

Plaintiff Erik R. Marsh has brought claims against defendants Galveston County, City of League City, and Clear Creek Independent School District, seeking recovery under 42 U.S.C. § 1983 for alleged constitutional violations, as well as state law causes of action under the Texas Family Code and for intentional infliction of emotional distress.[1]

Each defendant has filed an independent motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motions of Galveston County and CCISD are unopposed. Both motions are based on (a) failure to identify a custom, policy, or practice giving rise to governmental liability under section 1983, and (b) no waiver of governmental immunity for the state law claims. Plaintiff Marsh has not responded to these two motions and the court will therefore treat them as unopposed. *See* S.D. Tex. Loc. R. 7.4 ("Failure to respond will be taken as a representation of no opposition"). Because these motions appear to be well taken as a matter of law, Clear Creek Independent School District's motion to dismiss (Dkt. 6) and Galveston County's motion to dismiss (Dkt. 7) are granted.

Marsh has filed a response to League City's motion to dismiss. Nevertheless, it too must be granted for the reasons that follow.

---

[1] All parties have consented to magistrate judge jurisdiction over this case.

**Background**

Plaintiff Marsh was awarded custody of his minor child by a temporary order issued by the 306th District Court of Galveston, Texas.  Marsh alleges that the child's mother, Sarah Takeko Marsh, and her attorney, Sara Smith Dickson, abducted the child from Ferguson Elementary School on September 20, 2004, by relying on documents from the state of Tennessee that were without legal effect.  Marsh states that this was done with the knowledge and assistance of the League City Police Department which after reviewing these documents "did nothing to notify him that his child was being taken, and did not review [the Texas] custody order...."[2]  Moreover, Marsh alleges the League City Police Department "failed to file a missing person's report for seventeen days after Plaintiff advised them of the kidnapping as required by law."[3]

**Legal Standards**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff's complaint is liberally construed and all well-pleaded facts are taken as true.  *See Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004).  A claim is dismissed only if the plaintiff is not entitled to relief under any set of facts or any possible theory of recovery that he could prove consistent with the allegations in his complaint.  *See ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002).  In making this determination, the court does not look beyond the pleadings, including any attachments thereto.  *See Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

---

[2]   Dkt. 1.

[3]   Dkt. 1.

The plaintiff's complaint, however, must contain allegations of every material point necessary to sustain recovery. *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Statements that merely create a suspicion that the plaintiff may have a right of action do not foreclose a motion to dismiss. *Id*. Likewise, legal conclusions, conclusory allegations, and unwarranted deductions of fact do not suffice to prevent dismissal. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003).

## Analysis

**1.    Section 1983 Claim**

Marsh's complaint does not state a claim under 42 U.S.C. § 1983 against League City. To hold a municipality or a local governmental unit liable under section 1983 for the misconduct of one of its employees, a plaintiff must allege the existence of an official policy or custom[4] which was the "moving force" behind the deprivation of his constitutional rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996). Moreover, the description of a policy or custom and its relationship to the underlying constitutional violation must contain specific facts, not mere conclusions. *See Spiller*, 130 F.3d at 167.

Marsh is correct that a factually specific and detailed complaint, or "heightened pleading standard," is no longer necessary for section 1983 complaints against municipalities and that a plaintiff's complaint need only satisfy the general notice pleading standards of Federal Rule of Civil

---

[4] An official policy or custom is "A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated...." or "[a] persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

Procedure 8(a) to state a section 1983 claim. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). Nevertheless, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). Marsh's complaint does not do so.

In his complaint, Marsh has alleged neither an official custom or policy of League City, nor that the League City Police Department acted upon such custom or policy. In response to the motion to dismiss, plaintiff's brief maintains that "the League City chief of police advised Plaintiff's father that it was 'the policy of the League City Police Department' to disregard associate judge's reports, 'because they are not worth the paper their [sic] written on.'"[5] But neither this assertion nor anything similar is found in Marsh's complaint, nor any attachment thereto. Briefs are not pleadings. *Dartez v. Owens-Illinois, Inc.*, 910 F.2d 1291, 1294 (5th Cir. 1990), *cert. denied*, 504 U.S. 955 (1992); FED. R. CIV. P. 7(a). A district court may not go outside the pleadings when considering a Rule 12(b)(6) motion. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Nothing in the complaint suggests the existence of a custom or policy, or any causal connection between such a custom or policy and the harm of which Marsh complains.

Moreover, Marsh has identified merely a single incident; he has not offered facts of a pattern suggesting a policy or custom. "'Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy' as required for municipal section 1983 liability." *Campbell*, 43 F.3d at 977 (citation omitted).

---

[5]     Dkt. 9.

Because Marsh has insufficiently pleaded the existence of a custom or policy, he has not stated a claim for which relief may be granted under section 1983. This claim will therefore be dismissed, without prejudice to seek leave to amend the complaint as to this claim.

**2.     State Law Claims**

Marsh has asserted two additional state law claims against League City: a violation of Chapter 42 of the Texas Family Code, and a claim for intentional infliction of emotional distress. Both claims must be dismissed in light of the doctrine of governmental immunity.[6] Under this doctrine, a governmental unit is immune from suit for state law claims unless the Texas legislature has waived immunity in clear and unambiguous language. *See* TEX. GOV'T CODE ANN. § 311.034 (Vernon 2005); *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001).

Relying on Chapter 42 of the Texas Family Code, which imposes liability for the interference with the possession of a child, Marsh alleges that "[t]he Defendants took and/or retained possession and/or concealed the whereabouts of Plaintiff's child in violation of his possessory rights" and alternatively, "aided and assisted in this conduct."[7] Section 42.002(a) declares that "A *person* who takes or retains possession of a child or who conceals the whereabouts of a child in violation of a possessory right of another person may be liable for damages to that person." TEX. FAM. CODE ANN. § 42.002(a) (Vernon 2002) (emphasis supplied). Similarly, the next section provides that "A *person*

---

[6] Because this is a suit against a municipality rather than the State of Texas, the court will employ the term "governmental immunity" rather than "sovereign immunity." *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

[7] Dkt. 1.

5

who aides or assists in conduct for which a cause of action is authorized by this chapter is jointly and severally liable for damages." TEX. FAM. CODE ANN. § 42.003(a) (Vernon 2002) (emphasis supplied).

"In a statute, the use of 'person,' as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction." TEX. GOV'T CODE ANN. § 311.034 (Vernon 2005). Marsh has pointed to no provision of the Texas Family Code expressing in clear and unambiguous language that the Texas legislature intended to waive governmental immunity to suit under these sections. *Cf. Jefferson County v. Bernard*, 148 S.W.3d 698, 700-02 (Tex. App.–Beaumont, 2004, no pet.) (use of "person" in section 27.01 of the Texas Business and Commerce Code did not show legislative intent to waive governmental immunity). Moreover, the Code Construction Act's definition of "person" applies to the provisions of the Family Code relied on by Marsh.[8] Because there is no indication that governmental immunity has been waived, this claim should be dismissed.

As for intentional infliction of emotional distress, this claim must also be dismissed because the Texas Tort Claims Act expressly preserves sovereign immunity from claims "arising out of assault, battery, false imprisonment, or any other intentional tort...." TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (Vernon 2005); *see also Nueces County v. Ferguson*, 97 S.W.3d 205, 223 (Tex.

---

[8] The Code Construction Act applies to each code and "each amendment, repeal, revision, and reenactment of a code or code provision by the 60th or a subsequent legislature." TEX. GOV'T CODE ANN. § 311.002 (Vernon 2005). The provisions of the Family Code applicable to Marsh's claims were amended by acts of the 74th legislature.

App.–Corpus Christi 2002, no pet.) ("sovereign immunity is not waived for a claim of intentional infliction of emotional distress.").

In addition, because Marsh has failed to state a claim under section 1983, it would be inappropriate for this court to exercise supplemental jurisdiction over the plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

## Conclusion

Accordingly, Clear Creek Independent School District and Galveston County's unopposed motions to dismiss are granted with prejudice. League City's motion to dismiss is likewise granted; Marsh's state law claims are dismissed with prejudice, and his section 1983 claim is dismissed without prejudice to seek leave to amend. The court further orders that Marsh shall be granted leave, if he so chooses, to file such a second amended complaint against League City no later than May 31, 2006.

Signed on May 11, 2006, at Houston, Texas.

_____
Stephen Wm Smith
United States Magistrate Judge